IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:13CR227 |
| | § | Judge Crone |
| MICHAEL THOMAS | § | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO WAIVE PERSONAL APPEARANCE AND FOR GRAND JURY MATERIALS

The United States of America opposes the defendant's Motion for Waiver or Personal Appearance (*dkt*. 13) and his Request for Grand Jury Materials (*dkt*. 12). The defendant, Michael Thomas, is a fugitive, waiver is not permitted, and the Motion to Produce Grand Jury Materials is not ripe.

**I.    Federal Rules of Criminal Procedure 43, 5, and 10**

Fed. R. Crim. P. 43 states, in relevant part, that the defendant must be present at the initial appearance, the initial arraignment, and the plea, unless otherwise permitted by Fed. R. Crim. P. 43, 5, or 10.  *Fed. R. Crim. P.* 43(a)(1).   The exceptions set forth by Fed. R. Crim. P. 43 do not apply since the defendant is neither an organizational defendant, the offense charged is not a misdemeanor, and the appearance sought waived is not for a conference or hearing on a legal question nor a sentence correction.  *Fed. R. Crim. P*. 43(b).

Similarly, the exceptions available in Fed. R. Crim. P. 5(a)(2) do not apply because the defendant is not charged with a violation of 18 U.S.C. § 1073, nor does this involve a violation of supervised release or an arrest for failure to appear.  *Fed. R. Crim. P*. 5(a)(2)(A)–(C).   Rule 5(f) does permit video teleconferencing, however the 2002 Amendments Advisory Committee Notes explain that provision to reflect "the growing practice among state courts to use video

teleconferencing to conduct initial proceedings," which would presumably apply to an arrest and appearance under Fed. R. Crim. P. 5(a)(2)(A)(i). Most importantly, the initial appearance presumes an arrest of the defendant, a critical procedural element which the defendant is actively avoiding, as explained below.

The defendant relies heavily on Fed. R. Crim. P. 10, which allows would allow him to waive his appearance at the arraignment if the court accepts the waiver. However, this Rule does not allow a waiver of personal appearance at the initial appearance and the 2002 Amendments Advisory Committee Notes state that "if the trial court has reason to believe that in a particular case the defendant should not be permitted to waive the right, the court may reject the waiver and require that the defendant actually appear in court…. It might also be appropriate to reject a requested waiver where an attorney for the government presents reasons for requiring the defendant to appear personally."

## II. The Facts

On or about February 19, 2013, FBI Special Agent Kathryn Sherman hand-delivered a letter to the defendant notifying him that he was a target of a federal investigation. On or about February 26, 2013, the government received an email from attorney Michael P. Gibson stating Mr. Gibson would be representing the defendant in connection with the investigation. The government sent a proposed information and plea materials by electronic mail to Mr. Gibson on March 14, 2013, and on several occasions after, Mr. Gibson indicated that his client was prepared to admit his guilt and desired to negotiate the loss amount in an effort to minimize the United States Sentencing Guidelines calculation. Ultimately, the government provided a deadline of August 19, 2013, for the defendant to sign the factual statement and plea agreement. On August 16, 2013, Mr. Gibson notified the government that his client had cancelled two

meetings with him and had indicated that he would not sign the factual statement and plea agreement.

On September 11, 2013, the defendant was indicted in the instant case. That same day, agents discovered a "For Sale" sign outside of the defendant's last known address and the real estate agent for the sale of the house confirmed that the defendant's father-in-law was selling the home on his behalf and that the defendant was no longer in the DFW area.   Shortly thereafter, agents confirmed with the defendant's family members that the defendant and had left the country with his wife and daughter in mid-August and was not planning to return due to the federal prosecution.

On July 25, 2014, the government received an email from an attorney in Brazil claiming to represent the defendant and stated that his client would be willing to resolve the charges if the government would provide a guarantee that he not be incarcerated.

On September 13, 2014, SA Sherman received an e-mail from Thomas threatening to commit suicide.   The email included an attached photo of his daughter.

### III.    Conclusion

There can be little doubt that the defendant is willfully avoiding prosecution.   An active federal warrant for the instant offense exists for the defendant.   At the present time, he cannot be considered anything other than a fugitive.   Accordingly, he cannot waive his personal appearance and all other motions should be denied as not yet ripe for consideration.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

>*/s/ Camelia Lopez*
>CAMELIA LOPEZ
>Assistant United States Attorney
>Texas State Bar No. 24036990
>101 E. Park Blvd., Suite 500
>Plano, Texas   75074
>Telephone: (972) 509-1201
>Facsimile: (972) 509-1209

## Certificate of Service

I hereby certify that on August 6, 2015, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the Court.

>*/s/ Camelia Lopez*
>CAMELIA LOPEZ
>Assistant United States Attorney