UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
:
UNITED STATES OF AMERICA,  : Case No.: 4:13-CR-00227-ALM-CAN
:
        Plaintiff, :
    v. : Hon. Amos L. Mazzant
:
MICHAEL THOMAS, :
:
        Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**Notice of Supplemental Authority Regarding Defendant's
Motion to Vacate the Order Restraining Assets**

Defendant Michael Thomas submits this Notice of Supplemental Authority to alert the Court to new authority bearing on the issues raised in defendant's pending Motion to Vacate ("Mot. to Vacate", ECF No. 25) this Court's order restraining his assets ("Seizure Order", ECF No. 7 (under seal)). On March 30, 2016 the Supreme Court of the United States held that "pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." *Luis v. United States*, No. 14-419, 2016 WL 1228690, at *5 (U.S. Mar. 30, 2016).

In *Luis*, the defendant was alleged to have illegally obtained over $45 million dollars through healthcare-related fraud. *Id*. at *4. Because the proceeds of the defendant's fraud had been dissipated and were not available for seizure, the government sought to restrain the defendant's remaining, untainted assets as "substitute assets." *Id*. Seizure of substitute assets was specifically authorized by the applicable forfeiture statute. *Id*. The parties in *Luis* agreed that because "an unquantified amount of revenue not connected to the indictment had flowed into

some of the accounts subject to the restraining order," the order would "prevent Luis from using her own untainted funds . . . to hire counsel to defend her in her criminal case." *Id*. In finding for the defendant, the Court noted that it knows of "no decision of this Court authorizing unfettered, pretrial forfeiture of the defendant's own 'innocent' property—property with no connection to the charged crime." *Id*. at *2.

Mr. Thomas similarly asserted in his Motion to Vacate that the Seizure Order, which restrains all of his remaining assets, violates his Sixth Amendment right to retain counsel of his choice. (*See* Mot. to Vacate, at 13-14). There is no dispute that the assets restrained by the Seizure Order are untainted. (*See* United States' Emergency *Ex Parte* Mot. to Restrain Defendant's Assets, at 4, ECF No. 6 (stating order is needed to "restrain or freeze Defendant Thomas's unforfeitable assets")). Therefore, Mr. Thomas respectfully requests that the Court consider the Supreme Court's decision in *Luis* when deciding the Motion to Vacate. (Mr. Thomas also argues in his Motion to Vacate that the Seizure Order is invalid because pretrial restraint of funds for restitution is not authorized by statute. (*Id*. at 4-13). That argument is unaffected by *Luis*.) The Government has notified counsel for Mr. Thomas that it does not agree that *Luis* applies on the facts of this case.

Respectfully submitted,

**TOR EKELAND, P.C.**

By:   /s/ Aaron Williamson
Aaron Williamson (NY State Bar # 4580999)
195 Plymouth St., 5th Floor
Brooklyn, NY 11201
(718) 737-7264 tel.
(718) 504 5417 fax
aaron@torekeland.com
*Attorneys for Defendant Michael Thomas*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above notice was electronically served on all counsel of record by way of the Court's CM/ECF system on April 1, 2016.

/s/ Aaron Williamson
Aaron Williamson
**TOR EKELAND, P.C.**