**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
:
UNITED STATES OF AMERICA,  : Case No.: 4:13-CR-00227-ALM-CAN
:
          Plaintiff,  :
    v.  : Hon. Amos L. Mazzant
:
MICHAEL THOMAS,  :
:
          Defendant.  :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**UNOPPOSED MOTION FOR ISSUANCE OF A SUBPOENA *DUCES TECUM*
AND PRODUCTION PRIOR TO TRIAL**

Michael Thomas, though his undersigned counsel, respectfully moves this court pursuant to Rule 17(c) for permission to issue a subpoena, attached as Exhibit A, with an early return date to ClickMotive, LLP ("ClickMotive"), located in Plano, Texas, in the Eastern District of Texas. The Government does not oppose this motion.

**FACTUAL BACKGROUND**

ClickMotive employed Mr. Thomas from approximately February 2010 to December 2012 as an Information Technology Operations Manager. On September 11, 2013, Mr. Thomas was indicted under 18 U.S.C. § 1030(a)(5)(A) for allegedly causing damage without authorization to ClickMotive's computer systems between December 2, 2011 and December 5, 2011. (Dkt. 1). According to documents produced by the Government under Federal Rule of Criminal Procedure 16, Mr. Thomas corresponded with ClickMotive employees—specifically, Chief Technical Officer Shannon Davidson and engineer Jeff Gonzalez—via email between December 2, 2011 and December 5, 2011. (*See* Ex. B (Declaration of Aaron Williamson)). Some

of those emails relate directly to the causes of the alleged damage and efforts taken to remedy the alleged damage.

## ARGUMENT

The attached subpoena is directed at Mr. Thomas's former employer, the alleged victim of the indicted offense, and narrowly tailored to seek only relevant documents from the dates of the charged conduct. Specifically, the subpoena seeks all email correspondence between Michael Thomas and ClickMotive employees Shannon Davidson and Jeff Gonzalez between December 2, 2011 and December 5, 2011 relating to damage to, maintenance of, or repairs to ClickMotive's network and computers. The Government has provided some discovery pursuant to Rule 16, including certain emails responsive to the subpoena. However, Government counsel confirmed to defense counsel that it does not possess copies of all responsive documents.

Rule 17 establishes a "more liberal policy for the production, inspection and use of materials at the trial" than Rule 16, and allows a party to seek information not produced by the government under Rule 16. *Bowman Daily Co. v. United States*, 341 U.S. 214, 218 (1951); *see also United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992). The Supreme Court, in *United States v. Nixon*, set out a four-pronged test that a movant must satisfy before a Rule 17 subpoena may issue. 418 U.S. 683, 699-700 (1974). First, the documents sought must be relevant and evidentiary. Second, they must not otherwise be procurable in advance of trial despite the exercise of due diligence. Third, the movant cannot adequately prepare for trial without advance production and inspection. And, fourth, the subpoena must not be wielded as a broad discovery tool, i.e. a "fishing expedition." *Id*. As set forth in this motion, the subpoena satisfies the *Nixon* factors.

### A. The Requested Documents Are Relevant and Evidentiary

Mr. Thomas must make only a "sufficient preliminary showing that [the requested material] contains evidence admissible with respect to the offenses charged in the indictment" to meet his burden under the first *Nixon* prong. *Nixon*, 418 U.S. at 699. The indictment charges Mr. Thomas with intentionally damaging ClickMotive's systems without authorization. The correspondence between Mr. Davidson and Mr. Thomas will likely reflect causes of the alleged damage other than Mr. Thomas's intentional conduct. For instance, emails between Mr. Davidson and Mr. Thomas are likely to reflect conversations regarding a power outage on December 2, 2011 that affected the ClickMotive network. Emails between Mr. Gonzalez and Mr. Thomas will likely reflect conversations regarding the problems ClickMotive experienced, and Mr. Thomas's efforts to assist Mr. Gonzalez in addressing them. For these reasons, the requested communications are relevant to Mr. Thomas's motive and intent.

The emails are also evidentiary. The emails are self-authenticating because they bear "distinctive characteristics" identifying them as having been sent or received by ClickMotive employees, including headers identifying the senders and recipients and the domain associated with their email accounts (e.g. "ClickMotive.com"). Fed. R. Evid. 901(b)(4); *see United States v. Safavian*, 435 F.Supp.2d 36 (D.D.C. 2006), *rev'd on other grounds*, 528 F.3d 957 (D.C. Cir. 2008). The emails may also be authenticated by the testimony of the sender or recipient, or by an expert witness. *See* Fed. R. Evid. 901(b)(1), (b)(3).

Each email is likely to be excepted from the rule against hearsay as either a present sense impression, Fed. R. Evid. 803(1), a statement of the declarant's state of mind, Fed. R. Evid. 803(3), or a recorded recollection, Fed. R. Evid. 803(5). Courts in the Fifth Circuit have

also found that emails will be considered business records under Federal Rule of Evidence 803(6) if they: (1) are sent or received at or near the time of the events recorded in the email; (2) were sent by someone with knowledge of the events documented in the email; (3) were sent in the course of a regular business activity; (4) were sent or received pursuant to the regular practice of the producing party; and (5) a custodian or qualified witness attests that these conditions are met. *See In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2012 WL 85447, at *5 (E.D. La. Jan. 11, 2012). The emails requested will likely meet the first four conditions, and the defense anticipates that the Government will call a witness from ClickMotive qualified to attest that these conditions are met, satisfying the fifth condition.

### B. The Requested Documents Cannot Otherwise Be Procured Prior to Trial

Mr. Thomas cannot procure the requested documents through due diligence if the subpoena does not issue. The emails are not public records; only ClickMotive is likely to possess them. The Government has confirmed that ClickMotive has not produced to it every document that is responsive to the subpoena, and therefore the documents are not available to Mr. Thomas under Federal Rule of Criminal Procedure 16.

### C. Mr. Thomas Needs to Review the Documents in Advance to Adequately Prepare His Defense

Rule 17 is designed to "expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951). As stated above, the emails relate directly to the charged conduct and will likely contain evidence of alternative causes of the alleged harm that is essential to Mr. Thomas's defense. They also contain statements of potential Government witnesses and are therefore necessary to adequately prepare for those witnesses' cross examinations. Production of the

requested documents on the morning of the trial will frustrate Mr. Thomas's ability to properly prepare for trial and will likely delay the proceedings, as Mr. Thomas may need to seek a continuance to incorporate the produced materials into his presentation and cross examination of witnesses.

    **D.**    **The Subpoena Is Narrowly Tailored and The Requested Information Is Directly Relevant**

The requested subpoena is far from a "fishing expedition to see what may turn up." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951). Rather, it is directed to the alleged victim of the charged conduct, limited to communications sent contemporaneously with the charged conduct, and seeks only correspondence related to damage to, repair of, and maintenance of ClickMotive's computer systems. Moreover, it is evident from the attached exhibits that responsive documents exist.

## CONCLUSION

For the reasons set forth above, Mr. Thomas respectfully requests that the Court grant his unopposed motion and sign the Proposed Order to issue the enclosed subpoena (Ex. A) and the corresponding attachment (Ex. A-1) to ClickMotive, and to require ClickMotive to produce the documents within five days of service.

Dated: May 19, 2016  
Brooklyn, New York

**TOR EKELAND, P.C.**

By:   /s/ Aaron Williamson  
       Aaron Williamson (NY State Bar # 4580999)  
       Tor Ekeland, PC  
       195 Plymouth St., 5th Floor  
       Brooklyn, NY 11201  
       Tel. (718) 737-7264  
       Fax. (718) 504-5417  
       aaron@torekeland.com

*Attorneys for Defendant Michael Thomas*

## CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE This is to certify that a true and correct copy of the above and foregoing pleading was electronically served on all counsel of record by way of the Court's CM/ECF system on May 19, 2016.

/s/ Aaron Williamson
Aaron Williamson (NY State Bar # 4580999)
Tor Ekeland, PC
195 Plymouth St., 5th Floor
Brooklyn, NY 11201
Tel. (718) 737-7264
Fax. (718) 504-5417
aaron@torekeland.com

## CERTIFICATE OF CONFERENCE

I, Aaron Williamson, certify that on May 18, 2016 I conferred with Assistant U.S. Attorney Camelia Lopez about the filing of this motion, and she stated that the United States is not opposed.

/s/ Aaron Williamson
Aaron Williamson (NY State Bar # 4580999)
Tor Ekeland, PC
195 Plymouth St., 5th Floor
Brooklyn, NY 11201
Tel. (718) 737-7264
Fax. (718) 504-5417
aaron@torekeland.com