UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

------------------------------------X
UNITED STATES OF AMERICA,           :
                                    : Case No.: 4:13-CR-00227-ALM-CAN
          Plaintiff,                :
                                    :
     v.                             : Hon. Amos L. Mazzant
                                    :
MICHAEL THOMAS,                     :
                                    :
          Defendant.                :
                                    :
------------------------------------X

**DEFENDANT'S MOTIONS IN LIMINE**

**I.   THE GOVERNMENT SHOULD BE PRECLUDED FROM INTRODUCING STATEMENTS OF NON-WITNESSES**

In the course of the Government's investigation of the alleged conduct in this case, agents interviewed several individuals who the Government has indicated it will not call to testify. Because the Confrontation Clause affords a criminal defendant the right to cross examine any witness against him, the Government should be precluded from introducing or eliciting these statements at trial.

The Sixth Amendment to the United States Constitution affords a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. Witness are defined as individuals who "bear testimony," or a "solemn declaration or affirmation for the purpose of establishing or proving some fact." *Crawford v. Washington*, 541 U.S. 36, 51 (2004). If a witness's statements are "testimonial," a criminal defendant has the right to subject those statements to the "crucible of cross-examination." *Id*. at 61. Absent the opportunity to cross examination a witness, testimonial statements made by that witness can not be introduced regardless of their admissibility under the rules of evidence or a

determination that they are reliable. *See Id.* ("[W]e do not think the Framers meant to leave the Sixth Amendment's protection to the vagaries of the rules of evidence, much less to amorphous notions of 'reliability.'").

Statements made to law enforcement are "testimonial" where they are made under circumstances that "objectively indicate" the statements will be primarily used "to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822, 126 S. Ct. 2266, 2273-74, 165 L. Ed. 2d 224 (2006); *see also United States v. Duron-Caldera*, 737 F.3d 988, 992 (5th Cir. 2013). Whether the statements are formally sworn to under oath, or introduced through testimony at trial, is immaterial to the analysis. "[W]e do not think it conceivable that the protections of the Confrontation Clause can readily be evaded by having a note-taking policeman recite the unsworn hearsay testimony of the declarant, instead of having the declarant sign a deposition." *Davis*, 547 U.S. at 826; *see also Michigan v. Bryant*, 562 U.S. 344, 358 (2011)("Whether formal or informal, out-of-court statements can evade the basic objective of the Confrontation Clause, which is to prevent the accused from being deprived of the opportunity to cross-examine the declarant about statements taken for use at trial.").

The interviews conducted by the Federal Bureau of Investigation (FBI) with Andrew Cain, Jeff Gonzalez, Jonathan Swartz, Ray Myers, Stuart Lloyd, Jodie Cain, Carolyn Fisher, Christy Skinner, Dale Burrows, Frederick Miller, Kelly Puls, Eric Debus, Brenda Debus, John Holland, Leslie Elaine Dalton, Suzana Miller Thieme, Shannon Davidson, and Brennan Bice were all unequivocally conducted for the primary purpose of establishing or proving past events relevant to the investigation and prosecution of Mr. Thomas. Each interview began with the FBI informing the subjects that they were government agents and that they

were seeking assistance in an ongoing investigation. As a result, all statements made by these individuals are testimonial and cannot be introduced by the Government unless the declarants are called as witnesses and Mr. Thomas is given an opportunity to cross-examine them.

Even where a defendant has had the opportunity to cross-examine a witness during a preliminary hearing, the government must still show that the witness is unavailable for trial if it wishes to introduce those statements at trial. *Crawford,* 541 U.S. at 57 *citing Barber v. Page*, 390 U.S. 719, 725, 88 S. Ct. 1318, 1322, 20 L. Ed. 2d 255 (1968). This is because "the right to confrontation is basically a trial right [that] . . . includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness." *Barber,* 390 U.S. at 725. Preliminary hearings are typically "a much less searching exploration into the merits of a case," provide no opportunity for the jury to weigh the demeanor of the witness, and therefore do not satisfy the confrontation clause. *Id*. For a witness to be considered unavailable, the government must first undertake a "good-faith effort" to secure the witness's appearance a trial. *Id.* As a result, any testimony provided by Suzana Miller Thieme during the detention hearing, although elicited by Mr. Thomas under direct examination, must be excluded unless the government makes a good-faith effort to secure Ms. Thieme appearance at trial.

   II.   **THE GOVERNMENT SHOULD BE PRECLUDED FROM INTRODUCING STATEMENTS MADE DURING PLEA DISCUSSIONS**

All statements made by Mr. Thomas during plea discussions, including any assertion that Mr. Thomas entered an oral plea agreement, should be excluded. Any "statement made during plea discussions . . . [that] did not result in a guilty plea or . . . resulted in a later-withdrawn guilty plea" are inadmissible, as is any withdrawn plea. Fed. R. Evid. 410(a). The government has asserted in prior motions that Mr. Thomas "reached an oral agreement . . . to plead guilty." Dkt. No. 44 at 10. A defendant can only enter a guilty plea in open court, under oath. Fed. R.

Crim. P. 11(b). Therefore, even if counsel had represented that Mr. Thomas intended to plead guilty, that representation would constitute a statement made during plea discussions, rather than a guilty plea, and is inadmissible under Federal Rule Evidence 410(a)(4).

Regardless of how the statements of Mr. Thomas's prior counsel are characterized, a criminal defendant, under Federal Rule of Criminal Procedure 11(d), is afforded the right to withdraw a guilty plea "before the court accepts the plea, for any reason or no reason." Under Federal Rule of Evidence 410(a)(1) withdrawn guilty pleas are inadmissible. *See also Kercheval v. United States*, 274 U.S. 220, 224, 47 S. Ct. 582, 583, 71 L. Ed. 1009 (1927) ("The withdrawal of a plea of guilty is a poor privilege, if, notwithstanding its withdrawal, it may be used in evidence under the plea of not guilty."). Mr. Thomas's alleged "agreement to agree" to enter a guilty plea was neither presented to nor accepted by the court. Therefore, Mr. Thomas was permitted to withdraw from any agreement for any reason. To the extent an agreement existed, Mr. Thomas has withdrawn from it and any related statements are inadmissible.

## CONCLUSION

For the foregoing reasons, Mr. Thomas respectfully requests that the Court (1) exclude all statements made by individuals interviewed by the FBI unless those individuals are called as witnesses at trial and subject to cross-examination by Mr. Thomas; and (2) exclude all statements made by Mr. Thomas during plea negotiations, including any alleged oral agreements to enter into a plea agreement.

Dated: May 31, 2016　　　　　　　**TOR EKELAND, P.C.**
Brooklyn, New York

　　　　　　　　　　　　　　　　By:　/s/ Aaron Williamson
　　　　　　　　　　　　　　　　　　　Aaron Williamson (NY State Bar # 4580999)
　　　　　　　　　　　　　　　　　　　Tor Ekeland, PC
　　　　　　　　　　　　　　　　　　　195 Plymouth St., 5th Floor
　　　　　　　　　　　　　　　　　　　Brooklyn, NY 11201
　　　　　　　　　　　　　　　　　　　Tel. (718) 737-7264
　　　　　　　　　　　　　　　　　　　Fax. (718) 504-5417
　　　　　　　　　　　　　　　　　　　aaron@torekeland.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Michael Thomas*

## CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE This is to certify that a true and correct copy of the above and foregoing pleading was electronically served on all counsel of record by way of the Court's CM/ECF system on May 31, 2016.

/s/ Aaron Williamson
Aaron Williamson (NY State Bar # 4580999)
Tor Ekeland, PC
195 Plymouth St., 5th Floor
Brooklyn, NY 11201
Tel. (718) 737-7264
Fax. (718) 504-5417
aaron@torekeland.com

## CERTIFICATE OF CONFERENCE

I, Aaron Williamson, certify that on May 31, 2016 I attempted to confer with Assistant U.S. Attorney Camelia Lopez about the filing of this motion, and she did respond with the Government's position.

/s/ Aaron Williamson
Aaron Williamson (NY State Bar # 4580999)
Tor Ekeland, PC
195 Plymouth St., 5th Floor
Brooklyn, NY 11201
Tel. (718) 737-7264
Fax. (718) 504-5417
aaron@torekeland.com