IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 4:13CR-00227-ALM-CAN |
| § | |
| § | |
| MICHAEL THOMAS § | |
| Defendant. § | |

### UNITED STATES' SENTENCING MEMORANDUM REGARDING PAYMENT OF RESTITUTION

The United States of America, by and through the United States Attorney for the Eastern District of Texas, hereby submits this Sentencing Memorandum Regarding Payment of Restitution and respectfully shows the Court as follows:

### I. RESTITUTION WILL BE ORDERED AGAINST DEFENDANT

Defendant Michael Thomas was found guilty of violating 18 U.S.C. § 1030(a)(5)(A) of the Computer Fraud and Abuse Act in a jury trial on or about June 8, 2016. *See* Dkt. No. 94. The Presentence Investigation Report includes a recommendation of restitution to ClickMotive. *See* Dkt. No. 101, ¶ 72.

### II. THE CLERK IS ALREADY IN POSSESSION OF SOME OF DEFENDANT'S ASSETS

The United States District Clerk currently holds approximately $27,500 that can be applied to Thomas's forthcoming restitution obligations.

In September 2013, the United States obtained an order restraining Thomas's assets under the All Writs Act, 28 U.S.C. § 1651. *See* Dkt. No. 7. Upon closing of the sale of Thomas's home in September 2013, $34,000 in proceeds due to Thomas were restrained and deposited with the United States District Clerk.

Thomas eventually hired new counsel in November 2015 and made arrangements to return to the United States. In early February 2016, Defendant's new private counsel filed a motion to vacate the order restraining assets. In filings to support their respective positions on that motion, the Government and Defendant did not agree on much, but they did agree on this point: an order restraining assets is appropriate when and if Defendant's guilt is established, by either plea agreement or conviction. *See* Dkt. Nos. 44, 46.

The court ruled on the motion and vacated the restraining order on June 7, 2016, during the trial. Dkt. No. 83. Thomas did not attempt to recover these funds between issuance of the order and conclusion of trial on or about June 8, 2016, when a jury found Thomas guilty. Thomas's counsel and the Government agreed informally that the $34,000 on deposit with the Clerk would remain there despite the vacating of the restraining order because the All Writs Act would have authorized the Court to issue a new restraining order premised on the jury's guilty verdict.

Pursuant to an agreement with the Government, Defendant has sought permission from the Court to access $6,500 of the original $34,000 during August 2016 to pay counsel and other legal fees. *See* Dkt. No. 103. Defendant has filed a notice to appeal *in*

*forma pauperis* premised (in part) on the unavailability of the funds on deposit with the Clerk—which will be applied to the restitution judgment. Dkt. No. 98. Any amounts ordered by the Court to be paid to the restitution judgment will be held by the Clerk during the pendency of Thomas's appeal. It is anticipated that approximately $27,500 of Thomas's funds will still be on deposit with the Clerk by the time of sentencing on August 29, 2016.

### III. REQUEST FOR COURT TO ORDER PAYMENT OF RESTITUTION

Federal law allows the Court to establish the terms of payment of a fine at the time of sentencing. 18 U.S.C. § 3572(d). Because Thomas will be ordered to pay restitution and because Defendant has non-exempt assets to pay toward the anticipated restitution judgment, the United States requests that the Court establish the following conditions of payment in accordance with its authority under 18 U.S.C. §§ 3572 and 3664(f), which should be applicable until such time as Defendant has satisfied the financial obligations to be imposed by the judgment:

- The Clerk shall immediately apply the approximately $27,500 of Thomas's assets on deposit with the Clerk toward the restitution judgment;[1]

- Defendant Thomas must pay a lump sum of $100.00 due immediately. Payment of restitution is due immediately;

---

[1] The Court is authorized to order such a payment according to 28 U.S.C. § 2042. The Government has attached a proposed order to that effect.

- Any restitution amount that remains unpaid when the Thomas's supervision commences is to be paid on a monthly basis at a rate of at least 25% of Thomas's gross income, to be changed during supervision, if needed, based on Thomas's changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3).  If Thomas receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) Thomas must, within 5 days of receipt, apply 100% of the value of such resources to any restitution still owed.

## PRAYER

WHEREFORE, the United States respectfully requests that the Court order restitution to ClickMotive, order the approximately $27,500 on deposit with the Clerk to immediately be applied toward the restitution judgment, and impose the other payment terms sought herein.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

*/s/ Robert Austin Wells /s/*
ROBERT AUSTIN WELLS
Assistant United States Attorney
Texas State Bar No. 24033327
110 N. College, Suite 700
Tyler, Texas 75702
Tel:   (903) 590-1400
Fax:   (903) 590-1437
Email: robert.wells3@usdoj.gov

## CERTIFICATE OF CONFERENCE

This Sentencing Memorandum is an effort by the Government to collect the financial obligations to be imposed in connection with this prosecution. Defendant has objected to the restitution amounts proposed in the PSR and to the Government's calculation of the loss amounts and asserts that the restitution should be much lower than recommended. The Government has explained to Defendant's counsel that any sums applied to the restitution will be held by the Clerk and not paid out to the victim during the pendency of the appeal.

*/s/ Robert Austin Wells /s/*
Robert Austin Wells
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record have been served electronically by the CM/ECF system, or have been served by regular United States mail on August 24, 2016.

                                        */s/   Robert Austin Wells    /s/*
                                        Robert Austin Wells
                                        Assistant U.S. Attorney